## Theodorus Davis, Jr., plaintiff in error *v.* Tristram P. Hoxey, defendant in error.

### *Error to Macoupin.*

Where the evidence tends to prove the issue, the jury should be left to determine the cause under the evidence offered. In such a case, the Court has no power to take the cause from them, nor to advise them that the defendant is entitled to their verdict.

A. Cowles and Josiah Fisk, for the plaintiff in error, cited R. L. 475, § 37;(1) Stark. Ev. 440, 470 ; 1 Bibb. 209.

S. T. Logan and E. D. Baker, for the defendant in error.

Smith, Justice, delivered the opinion of the Court :

This was an action of *trespass de bonis asportatis.* The declaration is in the usual form, and the plea, not guilty. On the trial of the cause, the plaintiff offered evidence tending to prove the issue; and it appears by the bill of exceptions, that witnesses established these facts: One witness had seen two hogs which had been killed by the defendant, and supposed them to belong to the plaintiff, but could not say, as the hogs were partially cleaned. By another, that the defendant had offered to give the plaintiff $22 for the killing of said hogs, as he supposed from the circumstances, that the hogs belonged to the plaintiff; and by another witness, it appeared that the defendant had said he would plead guilty to the action of the plaintiff against him for killing the hogs in question, this was said when the defendant was talking of compromising the suit, and in the absence of the plaintiff. This is the substance of the whole testimony.

On the application of the defendant to instruct the jury as in case of a non-suit, the Court instructed the jury that they should find a verdict for the defendant, to which an exception was regularly taken.

This instruction was manifestly erroneous. The evidence tended to prove the issue, and the jury should have been left to

(1) Gale's Stat. 536.

determine the case under the evidence offered. It might have satisfied them of the commission of the trespass as laid, and the Court had no power to take the case from them, nor to advise them that the defendant was entitled to their verdict. The facts of the case are too obvious to admit of a doubt that the jury should have passed on the evidence; and the instructions were clearly wrong.

The judgment of the Circuit Court is reversed with costs, and a *venire facias de novo* will be awarded by the Circuit Court.

*Judgment reversed.*